Mr. Jacobs, you may proceed. Good morning, Your Honors. May it please the Court, Robert Jacobs on behalf of the petitioner. I would like to reserve five minutes for rebuttal, if I may. Keep an eye on the clock. Okay. Thank you very much. This Court, there were two issues presented by the panel. The first was, does the record reflect that the Court ever made a final finding of a probation violation, i.e., one that was not made on an ex parte basis? And the answer is no. As the panel recognized, California law permits the summary ex parte replication of probation based solely on an allegation or a belief that a defendant may have violated probation. Here, the record conclusively shows that the California Court only ever summarily revoked probation on an ex parte basis on January 8th of 2007. At this hearing, the petitioner was not present, no evidence was presented on his behalf by an attorney, and no full hearing was conducted on that date. Rather, probation was summarily revoked, and an arrest warrant was issued based on mere allegations in a report that his progress was unfavorable and that he had been discharged due to noncompliance. However, California law also entitled petitioner to a full hearing as to whether a probation violation in fact occurred. That hearing was conducted three days later on January 11th, when the petitioner voluntarily appeared in court. And on that date, the Court did conduct a hearing and explicitly concluded the Court takes no violation this date. The Court reinstated probation. He was re-referred to a treatment program. And the record reflects that the program was completed without further incidents, and his case was ultimately dismissed under Proposition 36. So even if we agree with your reading of the California record, and there was not an adjudicated finding of a violation of probation, what does that mean for purposes of this sort of exercise where we have to apply, by analogy, the provisions of the FFOA? Because the FFOA doesn't say that it requires an adjudicated violation. It just says if the person has not violated a condition of his probation. Didn't your client concede that he violated his probation? So maybe it's correct that it wasn't an adjudicated finding, but maybe he still loses when we turn to FFOA. Well, under FFOA, the defendant is also entitled to a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure. And in this hearing, the petitioner did not admit a probation violation. And at that hearing, the Court found that no violation was considered. Has he admitted a violation in the course of his immigration proceedings? Has he admitted that he violated the conditions of probation? Well, the term probation violation is a term of art that is solely to be determined by the criminal court after evaluating all of the evidence and facts in a proceeding and following the… Where does it say that in the FFOA? Because I just read the, if a person has not violated a condition of his probation. It doesn't say if a court has found, pursuant to yada, yada, yada, that he has not, it just says if he hasn't violated, that he did violate. Well, there's a question of whether the issue is, and the California case is cited here, Young's, Vickers, and Tanner, and the Estrada case, all have a formal finding of a probation violation in their facts. There's no case that says that there was a technicality or there was something that wasn't a formal finding, and the defendant was no longer eligible under FFOA. So, probation conditions cover a multitude of requirements, but the person, the only person who has the authority to make a finding of whether anything that happens while on probation is elevated to a formal probation violation, the only person that has that power is the criminal court judge. And an immigration court judge, appellate courts cannot go behind that to make a determination based on testimony or any other factors to substitute their judgment for the criminal court judge. And the California courts state that due process requires such a hearing, and the California judges are the ones and the only position to make that finding. Mr. Jacobs, the board didn't really grapple with the argument that you're making here. The government has asked us simply to remand to the board to allow it to reconsider this issue in light of these arguments. Why shouldn't we do that? Well, I think this court has all the facts. There's no changed facts. The case law hasn't changed. There's no new evidence in this case. This court has everything that it needs to make a finding, to make a ruling, and to make this clear. And just as this court stated in the trial of Beholder, their finding was to the extent that any question remains, we now make it explicit. And I propose that they follow that and extend that by saying FFOA treatment is not available under state or federal proceedings. Only when a defendant facing a probation violation allegation, with the opportunity for legal counsel, is provided an in-person formal hearing on the issue of whether a probation violation occurred, and the criminal court judge makes a formal finding of a probation violation. That is what all this presidential case law is pointing towards, and that's what this court should find to clear up any ambiguity in the law, and also to make the immigration judge's jobs easier, so that they're not having this confusion over whether they have to go back and try to decide based on minute orders or testimony whether someone violated FFOA. That can only be determined by a criminal court judge, and that's their job. You wanted to reserve some time. Yes, Your Honor. Thank you. If you do so, we'll hear from the government this afternoon. You were unmuted, but now you're muted. There you go. I apologize. May it please the court? My name is Nancy Safavi, and I represent the respondent in this case, the United States. The court has directed the parties to answer two questions today. First, does the record establish that a final finding of a probation violation was ever laid in the backdrop of California state law and its procedures on probation replication? And second, the question is, is an ex parte summary finding of a probation violation enough to render a petitioner ineligible for benefits under the Federal First Offender Act, FFOA, given the court's Equal Protection Clause holding under Lujan Armendariz? Respondents' answers to both of those questions is that this court should remand the case for the board to make that determination in the first instance. A remand would benefit the court, petitioner himself, and the respondents in this case for three reasons. First, these precise issues were not exhausted before the administrative agency. Second, these precise issues... Well, I'm not sure that's correct, because, you know, certainly the issue of how to read the findings on January 8th and January 11th were raised and brought to our attention, and we are entitled to look at California law in construing the significance of what was done on January 8th and January 11th. I don't know that it needs much more exhaustion than that. So, Your Honor, respondents would contend that because the question, the first question that the court raised, where it cited People v. Bickers, Tanner, and Gumbs, those cases were never put before the board in making its determination, and so it didn't have the California State... When an issue comes to us, we're not limited to the cases and laws that were cited by the parties. We're entitled to answer the question correctly by looking at whatever law is pertinent to the question that's put in front of us. So it may be wise, it may be a smart idea to remand it, but I don't think it's jurisdictionally required for us to remand this back to the board. We could decide this. I think we have the tools we need to, but it may be the better part of prudence to send it back to the board. So respondents would agree that it would be better to remand the case back to the board so that ultimately we can answer this question of whether or not the FFOA requires that there be a final finding of probation. What's interesting is that... So the board relied on Estrada v. Holder 2009, and Petitioner No. 1 argued that Estrada was inapplicable, or why it wasn't inapplicable, or what the distinction was between a violation of a term and condition of probation and a final finding of a probation violation. So I would still contend, Your Honor, that that specific issue was not exhausted before the board. The board should be able to answer that question in the first instance. And if the court wouldn't agree to necessarily remand, I do think that the party should, in an alternative, be able to provide supplemental briefing so that we can more fully analyze the issues for the court. You said you had three reasons. What are the other two? So the second reason would be that the precise issue of whether or not violating a term and condition under FFOA and whether or not a final hearing of probation is necessary to determine eligibility was not addressed in either party's briefs, which is why I requested in the alternative we be provided the opportunity. If the court decides against remand, to maybe provide supplemental briefing. And then the third reason is that if you look at the decision of the board, they have not specifically addressed that issue. So for them, what they did is they relied on Estrada B. Polder and considered that January 8th minute order a violation of a term and condition of probation and therefore ineligible for benefits. But then in your motion you say that the minutes for the January 11th, 2007 hearing state, quote, this court takes no violation, this state, and there was no other indication that they did. They vacated whatever they did earlier, which was ex parte. So, yes, Your Honor. So again, because the January 8th minute order said that there was a revocation of probation and relying on Estrada B. Polder, that's what they used to say that he was ineligible for FFOA benefits. And that's why the question isn't fully answered, because the board would need the opportunity then to discuss California state law and to distinguish violation of a term and condition of probation and violation of a formal hearing. I think also what makes the case confusing is that if you look at the January 11th minute order, it does say that no probation violation was found. And one of the reasons why a court would find that is so that ultimately the petitioner could go back and complete his terms of probation and then later on qualify for expungement. At this present, is there any doubt that he did successfully after this complete terms of his probation? So there's no doubt that he completed successfully his probation. But whether he violated a term and condition versus whether or not a formal probation hearing is required is still unanswered by the board and by petitioner. And First Amendment would ask that the court remand on that issue. Does the government have a position on that issue, whether the FFOA requires an adjudicated finding or just requires that it be shown that there was a violation? So the government's position would be that the administrative agency needs to make that finding in its decision. So I cannot answer that question for you today without the administrative agency answering it in the first instance. Doing so would put me ahead of the administrative agency, and I can't do that. Have they ever taken a position? This can't be the only case where this is a reason. And I would argue that that's petitioner's burden to have shown in his opening brief and in his briefs before the board. And again, if you look at his briefing, so at the time that he had the immigration hearing, petitioner's counsel, it was a different attorney, but petitioner's counsel provided two different briefs on this question of his probation violation. And in the first brief, the former counsel did concede that he violated probation, and then the immigration judge relied on a strategy folder 2009. And then petitioner obtained a new counsel, and that's the individual who made the argument before the board, and in so doing, in that argument before the board, again, does not distinguish a strategy folder, does not say strategy's not applicable because it deals with a different type of probation violation, or it just doesn't, you know, none of these cases speak to my specific issue. My issue is novel. Here's the reasons why my issues are novel. None of that is presented in either the brief before the board or the two briefs before the immigration judge or even the opening brief before this board. So I would say that the record does not compel the conclusion that petitioner read his burden of answering those questions and proving eligibility for FFOA. Oh, so with my remaining time, I would say with this issue, the respondent would ask that the court bring in this issue to the board so it can answer the questions in the first instance. And with the remaining issues with regard to withholding of removal and cap, we rely on our briefs and request that that be denied. Thank you. Mr. O'Keefe, I've construed your motion as a motion for just a straight remand without deciding anything. Are you suggesting that we should decide half the case and send the remaining half back or just send the whole case back? I think the court could do both if that's what it wanted to do. I think the respondent's position is that the first part of the case should be remanded and that the second part should not. Okay, because I think your motion as worded was just a clean remand. Yes, Your Honor. Thank you, Counsel. Mr. Jacobs, you have about three minutes left. Thank you. It is true that Petitioner's prior counsel at the immigration court level conceded to probation violations, which is why we were hired to take over the case. We attended the final hearing and explicitly pointed out the minute order to the immigration judge, showing that no violation was taken. Under the plain language of the statute and case law in FFOA, that should have been enough to alert the court that he's still qualified under FFOA. That same argument was extended to the BIA and obviously before this court. The purpose for this temporary revocation of probation that's done by the criminal court judges is merely a procedural mechanism to toll probation, to pause probation, so that it can maintain jurisdiction over a defendant. This happens only when there is an allegation of a violation. And so that if they can't bring that person into court, probation doesn't naturally expire, taking away the jurisdiction from the judge. So this happens regularly, and most of the time there is just a concession of a probation violation. Here, obviously, there was not. The court reviewed everything and found that there was no violation. So this is highly distinguishable, and it was evident by the facts in this case and all of the case law and in the plain language of the statutes that this did not violate FFOA. And I also want to point out that under FFOA, there are entitled to a formal hearing. So the fact that this is coming up by the government, that this argument that because the judge said there was no violation, that somehow this is some new proceeding that we have never discussed and that wasn't really known to anybody until this court pointed to the Young's case and the Baker's case and the Tanner case. I mean, this is something that has been a part of the due process procedure of FFOA as well, under Rule 32.1, which they're required to actually, they're required to written notice of the alleged violation, an opportunity to appear in person, present evidence, and question any adverse witnesses, and have legal counsel. So clearly the federal statutes allow this in-person appearance by the defendant at a full violation hearing, and they cannot be found ineligible on an ex parte basis. So the fact that this was somehow a surprise that under California law, you know, under this particular case, there was a second hearing that said no violation, I mean, that shouldn't have been so confusing to the lower court and to the board. How would you be prejudiced by a remand? Well, I've been doing this 23 years, and I've had remands to the board with real vague instructions, and when an issue is as clear as this one, I think it does a disservice to my client, I think to the government, that many times the board just asks for additional briefing. It lingers there for a long period of time. This case has been at the Ninth Circuit for over two years. There's been multiple extension requests. My client should have his adjustment of status interview as soon as possible, and I think the court, there's nothing new here. The court has all the law it needs. We shouldn't have to rebrief the issues. They've already been addressed in writing and at oral argument here. I think the court can make a ruling pursuant to what I proposed at the beginning of my oral arguments. I will clear this up for everyone, and I just think it would severely prejudice my clients. This is a second appeal, and now it's going to be a third, and there are indigency issues with his probation in the first place, and so an indigent defendant shouldn't have to go through all this. Thank you, Mr. Jacobs. Thank both counsel for their helpful arguments and the cases submitted.
judges: MILLER, COLLINS, Korman